UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EMPLOYERS INSURANCE COMPANY OF
WAUSAU,

                Plaintiff/Cross-Defendant,

  -against-                                          8:05-CV-01563
                                                               (LEK/RFT)

CROUSE-COMMUNITY CENTER, INC.,

                Defendant/Cross-Plaintiff.
_____

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

Plaintiff/Cross-Defendant Employers Insurance Company of Wausau ("Wausau") alleges damages resulting from Defendant/Cross-Plaintiff Crouse-Community Center, Inc.'s ("Crouse") failure to pay "the balance due and owing to Wausau for outstanding insurance premium, dividend, and New York surcharge." Amended Complaint (Dkt. No. 10) at ¶ 24. The claim arises from a Workers' Compensation policy issued by Wausau in favor of Crouse. See id. at ¶ 7. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) based upon the diversity of citizenship of the parties. See id. at ¶ 1.

In answering, Crouse raised several affirmative defenses and sought relief through several counterclaims. Wausau has made a Partial Motion to dismiss and a Partial Motion to strike affirmative defenses.[2]

---

[1] For printed publication by the Federal Reporters.

[2] Although Crouse has brought other counterclaims and affirmative defenses only those that are the subject of Wausau's Motion are addressed herein.

1

Crouse has brought a counterclaim and raised an affirmative defense alleging that Wausau breached its fiduciary duty. See First Amended Answer (Dkt. No. 12) ¶¶ 34-41. Crouse alleges that Wausau properly filed a claim with the New York State Second Injury Fund ("Second Injury Fund"), took several steps to perfect the application, but then inexplicably withdrew its application. See id. at ¶¶ 20-24. Crouse argues that Wausau owed it a fiduciary duty when it represented Crouse in application to the Second Injury Fund and that Wausau breached that duty in withdrawing such application without explanation. See id. at ¶ 39.

Crouse has also raised an affirmative defense that Wausau negligently calculated the amount Crouse owed under the insurance policy and failed to handle claims with reasonable care. See id. at ¶ 32. Specifically, Crouse alleges that Wausau improperly calculated premiums by inflating medical reserves under Wausau's Retrospective Rating Plan. See id. at ¶ 29-33.

Wausau argues that neither a fiduciary duty nor a tort duty exists and, therefore, has moved to dismiss Crouse's first counterclaim alleging a breach of fiduciary duty and has moved to strike affirmative defenses alleging a breach of fiduciary duty and negligence. See Plntf's Memorandum in Support of Motion to Dismiss and Strike (Dkt. No. 16, Attach. 6) at 1-2.

**II. Discussion**

*A. Standard of Review*

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* must be denied "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir. 1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In assessing the sufficiency of a pleading, the Court must "assume all

well-pleaded factual allegations to be true, and . . . view all reasonable inferences that can be drawn from such allegations in the light most favorable to the plaintiff." Dangler v. New York City Off Track Betting Corp., 193 F.3d 130, 138 (2d Cir. 1999).

Motions to strike affirmative defenses under Rule 12(f) of the *Federal Rules of Civil Procedure* are not generally favored. However, courts should grant these motions when the defenses presented are clearly insufficient. See Simon v. Mfrs. Hanover Trust Co., 849 F. Supp. 880, 882 (S.D.N.Y. 1994). Rule 12(f) motions should be granted only when "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." Salcer v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), vacated on other grounds, 478 U.S. 1015 (1986). In making its determination on a Rule 12(f) motion, a court "must accept the matters well-pleaded as true and should not consider matters outside the pleadings." County Vanlines, Inc. v. Experian Info. Solutions, Inc., 205 F.R.D. 148, 152 (S.D.N.Y. 2002) (internal quotations omitted).

*B. Breach of Fiduciary Duty Counterclaim*

Crouse pleads that Wausau owed it a fiduciary duty as its representative before the Second Injury Fund. See First Amended Answer (Dkt. No. 12) at ¶¶ 38-39. Wausau argues that, as the insurer, it owed no fiduciary duty to Crouse, the insured, and, therefore, Crouse has failed to state a claim upon which relief may be granted. Deft's Memorandum in Opposition to Motion to Dismiss and Strike (Dkt. No. 17) at 3-5. However, Crouse's counterclaim alleging a breach of fiduciary duty is more appropriately and more narrowly dismissed because the statute of limitations for the claim had run prior the filing of Crouse's counterclaim. The statute of limitations period for a breach of fiduciary duty claim under New York law depends upon the remedy sought. Where the party seeks

3

a remedy in damages, the statute of limitations for a breach of fiduciary duty claim is three (3) years; however, where the party seeks a remedy in equity, the period is six (6) years. Carlingford Ctr. Point Assocs. v. MR Realty Assoc., 772 N.Y.S.2d 273, 274 (App. Div. 1st Dep't 2004). Crouse alleges that Wausau breached its fiduciary duty on March 5, 1999 by inexplicably withdrawing an application to the Second Injury Fund. See First Amended Answer (Dkt. No. 12) at ¶ 25. Crouse's original counterclaim was not filed until January 30, 2006. See id. With more than six (6) years elapsing between the alleged breach and the filing of the Crouse's counterclaim, the claim alleging a breach of fiduciary duty must be dismissed and this Court need not address whether the three-year or six-year statutory period applies.

*C. Breach of Fiduciary Duty Affirmative Defense*

While Crouse's counterclaim alleging breach of fiduciary duty is time barred, the question remains as to whether the affirmative defense raised upon the same alleged duty and breach survives Wausau's motion to strike. The Court finds that this defense does survive a motion to strike; therefore, Wausau's motion to strike Crouse's affirmative defense of breach of fiduciary duty is denied.

It is a long-standing rule in New York that an insurer owes no general fiduciary duty to the insured. Uhlman v. New York Life Ins. Co., 17 N.E. 363, 365 (N.Y. 1888). Both New York state and federal courts have upheld this established rule drawn from Uhlman. Batas v. Prudential Ins. Co. of Am., 724 N.Y.S.2d 3, 7 (App. Div. 1st Dep't 2001); Rabouin v. Metro. Life Ins. Co., 699 N.Y.S.2d 655, 657 (Sup. Ct. N.Y. County 1999), aff'd, 723 N.Y.S.2d 651 (App. Div. 1st Dep't 2001); Geller v. Prudential Ins. Co. of Am., 237 F. Supp. 2d 210, 224 (E.D.N.Y. 2004); but see Dornberger v. Metro. Life Ins. Co., 961 F. Supp. 506, 545-547 (S.D.N.Y. 1997).

Despite the general rule that an insurer owes no fiduciary duty to the insured, "there are instances where a fiduciary relationship springs into existence" under circumstances where there is a special relationship of trust and confidence between the parties. Rabouin, 699 N.Y.S.2d at 657. Such a relationship exists and a fiduciary duty is created when the insurer undertakes the responsibility of representing the insured in the context of litigation. See Hartford Accident & Indem. Co. v. Michigan Mut. Ins. Co., 462 N.Y.S.2d 175, 178 (App. Div. 1st Dep't 1983). "The basis for the fiduciary obligation is quite clear in the litigation context, for the insurer is undertaking to represent the insured's interests." Dornberger, 961 F. Supp. at 546.

A similar situation exists here. Although Wausau's representation of Crouse before the Second Injury Fund was not litigation in a strict sense, this Court sees no discernable difference in Wausau's representation of Crouse in a state administrative proceeding and the traditional litigation context. Wausau's representation of Crouse before the Second Injury Fund left Crouse at Wausau's mercy in perfecting and following through on the application and in all subsequent proceedings before the state. A successful application to the Second Injury Fund would have limited Crouse's liability; therefore, such a proceeding was similar to defending Crouse in litigation in both the position of the parties and in the potential result. Discovery will elicit the facts needed to show whether or not Wausau actually breached a fiduciary duty in this case; however, Crouse sufficiently pleads a relationship under which such a duty existed, and, therefore, Wausau's motion to strike Crouse's sixth affirmative defense must be denied.

*D. Negligence Affirmative Defense*

Wausau also seeks to strike Crouse's affirmative defense regarding Wausau's alleged negligent calculation of retrospective premiums. Whether this defense can be stricken also depends

5

upon the existence of a duty extraneous to the contract. For negligence to be raised as an affirmative defense, a tort duty must be present. Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 521 N.Y.S.2d 653, 656 (1987). Ordinarily no tort duty exists within the contractual relationship unless such a duty "spring[s] from circumstances extraneous to, and not constituting elements of, the contract." Id. at 657. A tort duty may arise in situations in which the relationship of the parties puts a party at risk of injury beyond simple monetary damages or in situations in which there is a strong public interest in the performance of the contract. Sommer v. Fed. Signal Corp., 583 N.Y.S.2d 957, 962 (1992); New York Univ. v. Cont'l Ins. Co., 639 N.Y.S.2d 283, 288 (1995).

The calculation and billing of premiums due is necessarily part of the contractual relationship between the insurer and the insured. The insurer owes the insured a contractual duty to calculate costs and bill correctly, but such a situation leaves no room for an independent tort duty to arise.

Crouse's pleadings do not suggest that anything other than monetary damages resulted from the alleged negligence in calculating the retrospective premiums. The alleged injury is purely monetary, and if any duty was breached, it was a purely contractual duty. Further, public policy does not require that a tort duty be imposed in this situation because any injury caused may be remedied under a claim or defense sounding in breach of contract rather than tort. No independent tort duty can exist in such a context where the only question is how much money the insured owes to the insurer. Accordingly, Wausau's motion to strike Crouse's affirmative defense of negligence must be granted.

### III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff/Cross-Defendant's Motion to dismiss and to Strike (Dkt. No. 13) is **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED**, that Plaintiff/Cross-Defendant's Motion to dismiss (Dkt. No. 13) is **GRANTED** as to Defendant/Cross-Plaintiff's first counterclaim, breach of fiduciary duty; and it is further

**ORDERED**, that Plaintiff/Cross-Defendant's Motion to strike (Dkt. No. 13) is **DENIED** as to Defendant/Cross-Plaintiff's sixth affirmative defense, breach of fiduciary duty; and it is further

**ORDERED**, that Plaintiff/Cross-Defendant's Motion to strike (Dkt. No.13) is **GRANTED** as to Defendant/Cross-Plaintiff's fourth affirmative defense, negligence; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:	April 25, 2007
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge