UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EMPLOYERS INSURANCE
COMPANY OF WAUSAU,

                                        Plaintiff,

   -v.-                                                                              8:05-CV-1563
                                                                                         (LEK/RFT)

CROUSE-COMMUNITY CENTER, INC.,

                                        Defendant.
_____

## MEMORANDUM-DECISION AND ORDER[1]

Currently before the Court is a Motion for reconsideration, filed by Employers Insurance Company of Wausau (hereinafter, "Plaintiff"), of an Order of this Court, dated April 25, 2007.  Dkt. No. 61; Order (Dkt. No. 60).

### I. Background

The April Order granted Plaintiff's Motion to dismiss Defendant's counterclaim, based on a breach of fiduciary duty.  Order (Dkt. No. 60) at 4.  However, the Order denied Plaintiff's Motion as to Defendant's affirmative defense on the same grounds.  Id.  In reaching such a decision, the Court noted that, despite the general rule that an insurer owes no fiduciary duty to the insured, there are circumstances in which such a duty is created, such as when the insurer undertakes the responsibility of representing the insured in the context of litigation.  Id. at 5.  The Court determined that that situation arose between the present parties, when Plaintiff represented Defendant in a state workers compensation proceeding.  Id.

---

[1] For printed publication by the Federal Reporters.

## II. Discussion

A.     Standard

Rule 60 of the Federal Rules of Civil Procedure provides grounds for relief from a judgment or order.  Rule 60(a) allows correction of clerical mistakes, oversights, and omissions and Rule 60(b) allows for relief from judgment based on mistake, excusable neglect, newly discovered evidence, fraud, among other reasons justifying relief.  FED. R. CIV. P. 60(a),(b)(1)-(6).  Rule 60(b)(1) is a proper tool for a district court to correct legal errors.  In re 310 Associates, 346 F.3d 31, 35 (2d Cir. 2003).  The granting or denial of a motion under this rule is within the broad discretion of the Court.  See Brown v. Combs, 241 Fed. Appx. 761, 762 (2d Cir. 2007)(summary order)

B.     Analysis

Plaintiff alleges that the previous Order "overlooked controlling decisions of law" in finding that a fiduciary duty existed between the parties.  Pl.'s Mem. of Law (Dkt. No. 61, Attach. 2).  However, after reviewing the issue, no errors of law are apparent.

As stated in the April Order, "an insurance company does not owe its policy holder a common law fiduciary duty except when it is called upon to defend its insured."  Fiala v. Met. Life Ins. Co.,776 N.Y.S.2d 29, 32 (App. Div. 1st Dep't 2004).  See also Dornberger v. Met. Life Ins. Co, 961 F.Supp. 506, 546 (S.D.N.Y. 1997) (noting that a insurer's fiduciary duty to an insurer is "quite clear in the litigation context, for the insurer is undertaking to represent the insured's interests," and finding that such a duty might exist in other contexts); Comm'rs of State Ins. Fund v. Photocircuits Corp., 798 N.Y.S.2d 367, 373-4 (App. Div. 1st Dep't 2005) (allowing an insured's claim of breach of fiduciary duty against an insurer with regard to worker's compensation funds).

The cases highlighted by Plaintiff do not undermine this rule, nor the corollary that a fiduciary duty arises when an insurer defends its insured in a state administrative proceeding which mirrors litigation.  Plaintiff specifically emphasizes Atlantic Mut. Ins. Co. v. Joyce Int'l, Inc., 820 N.Y.S.2d 12 (App. Div. 1st Dep't 2006), as a recent case which is directly on point.  However, this case is materially distinguishable, in that the claim of fiduciary duty in Atlantic Mut. Ins. Co. appears to be based on the computation of retrospective premiums, rather than the insurer's representation of the insured in litigation or a litigation-like context.  820 N.Y.S.2d at 13.  Plaintiff also emphasized Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Red Apple Group, 722 N.Y.S.2d 495, 496-7 (App. Div. 1st Dep't 2001).  This case is also distinguishable, in that the insurer in Nat'l Union Fire Ins. Co did not defend the insured, as in the present case.  Id. (noting that the only dealing between the parties was contractual, "the product of an arm's length transaction between sophisticated commercial entities).

For the foregoing reasons, Plaintiff's argument that the Court overlooked controlling New York decisions in deciding the April Order is unconvincing. Accordingly, Plaintiff's Motion for reconsideration under Rule 60 of the Federal Rules of Civil Procedure must be denied.

### III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff's Motion for reconsideration (Dkt. No. 61) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:     March 06, 2008
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge